UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAKESH NATARAJAN,<br><br>    Plaintiff,<br><br>    v.<br><br>THARANI PRIYA NATARAJAN,<br><br>    Defendant. | Case No. 21-cv-08563-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

On November 3, 2021, Plaintiff Rakesh Natarajan filed a complaint against Defendant Tharani Priya Natarajan. ECF 1. Plaintiff asserts two causes of action against Defendant for making false statements of material fact in documentation submitted to the government. *Id.* at 3. Upon reviewing the complaint, it is unclear whether the Court has subject matter jurisdiction over this dispute. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). Accordingly, the Court orders Plaintiff to show cause in writing why this case should not be dismissed by December 2, 2021.

Plaintiff cites to four statutes in his allegations regarding his claims. Two of the statutes codify government procedures. Title 28 concerns the judiciary and its procedures, including when a signed declaration can substitute sworn oral testimony. 28 U.S.C. § 1746. Title 8 describes immigration procedures and Section 1182 describes classes of "inadmissible aliens," including people who willfully misrepresent material facts to the

government.  8 U.S.C. § 1182(a)(6)(C)(i).  The remaining two statutes–18 U.S.C. § 1001 and 18 U.S.C. § 1546–discuss penalties but do not provide private rights of action.  *Willems v. Apt. Inv. & Mgmt. Co. AIMCO*, 72 Fed. App'x 700, 700 (9th Cir. 2003); *Gonzales v. Caremore Health Plan, Inc.*, Case No. 15-cv-01499-ODW, 2015 WL 6394467, 2015 U.S. Dist. LEXIS 143958, at *5-6 (C.D. Cal. Oct 22, 2015).  In other words, a private citizen, like Plaintiff, does not have the authority to sue someone under these statutes.  Because statutes do not provide private rights of action, Plaintiff cannot show that there is an "invasion of a legally protected interest" that gives him standing to bring these claims.  *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992).  If Plaintiff does not have standing, the Court does not have jurisdiction, and the complaint should be dismissed.  *See* U.S. Const. art. III, § 2, cl. 1.

Finally, the Court informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases.  The Federal Pro Se Program is available by phone appointment at (408) 297-1480.  There are also online resources available on the Court's webpage. The Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/, has a downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.

In conclusion, the Court ORDERS Plaintiff to show cause in writing why this case should not be dismissed by **December 2, 2021**.  If Plaintiff does not file a response by December 2, the Court will recommend dismissal of the complaint for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  November 4, 2021        _____
                    NATHANAEL M. COUSINS
                    United States Magistrate Judge